UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| TEODORO GONZALEZ, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:05-CR-72-CLC-SKL-1 |
| | ) | | 1:14-CV-196-CLC |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 100, 110]. He bases the request on *Descamps v. United States*, 133 S. Ct. 2251 (2015), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). The United States responded in opposition to the original petition on September 11, 2014 [Doc. 106], and the supplemental filing on July 18, 2016 [Doc. 113]. Petitioner replied to the latter on August 17, 2016 [Doc. 114]. For the reasons that follow, the supplemented § 2255 motion [Docs. 100, 110] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.  BACKGROUND

In 2005, Petitioner pleaded guilty to conspiring to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Presentence Investigation Report (PSR) ¶¶ 2, 5]. Due to a prior federal drug conviction, Petitioner faced an enhanced statutory imprisonment range of twenty years to life [*Id.* ¶ 51]. Based on the same prior drug conviction and a prior Texas conviction for "burglary of a habitation," the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with a Guidelines range of 262 to 327 months' imprisonment [*Id.*

¶¶ 28, 53]. After granting the United States' motion for downward departure, this Court sentenced Petitioner to 188 months' incarceration [Doc. 74]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on direct appeal [Doc. 92]. The Supreme Court declined Petitioner's request for a writ of certiorari on October 1, 2007 [Doc. 95].

Six-and-a-half years later, on June 20, 2014, Petitioner filed the instant § 2255 motion claiming that he no longer qualified as a career offender in light of *Descamps* [Doc. 100].[1] Two years later, on June 10, 2016, Petitioner filed a supplement challenging his career offender designation based on *Johnson*, which held that the residual provision of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [Doc. 110]. As supplemented, the petition contains two theories for relief: (1) Petitioner is no longer a career offender because his prior Texas conviction for burglary of a habitation does not qualify as a crime of violence under the modified categorical approach as explained in *Descamps* [Doc. 100]; and (2) *Johnson* extends to the identically worded Guidelines residual clause, his prior Texas conviction for burglary of a habitation only qualified as a crime of violence under that provision, and he lacks sufficient predicates for enhancement without that conviction [Doc. 110].

## II. TIMELINESS OF SUPPLEMENTED PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes

---

[1] In *Descamps*, the Supreme Court clarified how sentencing courts should identify an offense when the prior conviction involved the violation of a "divisible" statute—one which "comprises multiple, alternative versions of the same crime." 133 S. Ct. at 2284. Specifically, the Court explained that the sentencing court should employ a "modified categorical approach" and "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. The decision made clear that "the job . . . of the modified approach [was only] to identify, from among several alternatives, the crime of conviction so that the court can" determine whether that variant of the offense qualified as a violent felony under the ACCA. *Id.* at 2285.

final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case, i.e., he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. Timeliness of the supplemented petition thus depends on its compliance with subsections (f)(1) and (f)(3).

### A. Timeliness of Supplemented Petition Under Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review through to a petition for certiorari in the United States Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Clay v. United States*, 537 U.S. 522, 532 (2003). Petitioner's conviction became final for purposes of subsection (f)(1) on October 7, 2007. The statute of limitations for

the provision began to run that same date and expired on October 7, 2008, five-and-a-half years before Petitioner filed the original petition based on *Descamps* [Doc. 100], and seven-and-a-half years before he submitted the supplemental claim for relief based on *Johnson* [Doc. 110].

To the extent Petitioner relies on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as justification for submitting the petition and supplement after October 7, 2008, only his claim for collateral relief based on *Johnson* even arguably satisfies the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition).[2]

### B. Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v.*

---

[2] *Descamps* involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), to a new set of facts. *See Descamps*, 133 S. Ct. at 2283 ("Our case law explaining the categorical approach and its 'modified' counterpart all but resolved this case."); *id* at 2285 ("Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a newly recognized right within the scope of § 2255(f)(3). *See, e.g.*, *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) (finding that "the *Descamps* decision did not recognize a new right" and concluding that the petitioner's § 2255 motion—which was filed within one year of *Descamps*, but over one year after the petitioner's conviction became final—was untimely).

4

*Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the original filing, supplement, and reply fail to reveal any extraordinary circumstance justifying Petitioner's failure to challenge this Court's use of the modified categorical approach to categorize his prior Texas conviction for burglary of a habituation as a crime of violence within the one year window allowed under subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D. Tenn. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pleaded facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Because the *Descamps*-based claim is untimely, it will be dismissed.

### III. *JOHNSON*-BASED COLLATERAL CHALLENGE

#### A. Standard of Review

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and

establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Analysis

To the extent that Petitioner argues *Johnson* invalidated the Guideline residual clause and that his Texas conviction for burglary of a habitation cannot be categorized as a crime of violence without it, that argument fails because the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Because *Johnson* does not affect Petitioner's status as a career offender, that decision cannot justify collateral relief.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's supplemented § 2255 motion [Docs. 100, 110] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**